UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

VERNON HADDIX,

                  Plaintiff,

        v.

NANCY A. BERRYHILL, Deputy Commissioner of Social Security for Operations,

                  Defendant.

Case No. C17-1480 RAJ

**ORDER AFFIRMING THE COMMISSIONER'S FINAL DECISION AND DISMISSING THE CASE WITH PREJUDICE**

Plaintiff, Vernon Haddix, seeks review of the denial of his application for Supplemental Security Income. Plaintiff contends the ALJ erred in evaluating medical opinions and his testimony. Dkt. 9. As discussed below, the Court **AFFIRMS** the Commissioner's final decision and **DISMISSES** the case with prejudice.

## BACKGROUND

Plaintiff is currently 51 years old, has a high school education, and has worked as a social services aide and telephone solicitor. Tr. 21. Plaintiff's first application for SSI benefits was denied in a December 2012 decision. Tr. 14. This case concerns plaintiff's second application for disability benefits, filed September 2014. *Id.* After a hearing in August 2016, the ALJ issued a decision finding plaintiff had rebutted the presumption of continuing nondisability by alleging

ORDER AFFIRMING THE
COMMISSIONER'S FINAL DECISION AND
DISMISSING THE CASE WITH PREJUDICE
- 1

worsening impairments, but also finding that he was not disabled. Tr. 14-22 (citing *Chavez v. Bowen*, 844 F.2d 691, 693 (9th Cir. 1988).

## THE ALJ'S DECISION

Utilizing the five-step disability evaluation process,[1] the ALJ found:

**Step one:** Plaintiff has not engaged in substantial gainful activity since the September 2014 application date.

**Step two:** Plaintiff has the following severe impairments: major depressive disorder, anxiety disorder, and personality disorder.

**Step three:** These impairments do not meet or equal the requirements of a listed impairment.[2]

**Residual Functional Capacity:** Plaintiff can perform work at all exertional levels. He can understand, remember, and carry out simple work tasks. He should not have contact with the general public. He can have occasional and superficial contact with coworkers. He should work independently, without team or tandem tasks. He requires a routine and predictable work environment.

**Step four:** Plaintiff cannot perform past relevant work.

**Step five:** As there are jobs that exist in significant numbers in the national economy that plaintiff can perform, he is not disabled.

Tr. 16-22. The Appeals Council denied plaintiff's request for review, making the ALJ's decision the Commissioner's final decision. Tr. 1.[3]

## DISCUSSION

Plaintiff alleges the ALJ erred in discounting the medical opinions of two psychologists, Dr. Koenig and Dr. Widlan, and relying instead on nonexamining medical source opinions, and

---

[1] 20 C.F.R. § 416.920.

[2] 20 C.F.R. Part 404, Subpart P. Appendix 1.

[3] The rest of the procedural history is not relevant to the outcome of the case and is thus omitted.

in discounting his testimony. Dkt. 9. In each of these assessments, a key finding by the ALJ was that plaintiff's allegations and his presentation and statements as reported by Dr. Koenig and Dr. Widlan were inconsistent with plaintiff's presentation and statements to his treating providers at Sound Mental Health. Tr. 19-21.

Sound Mental Health records show a principal diagnosis of major depressive disorder, recurrent, severe with psychotic features. Tr. 322. An additional diagnosis was posttraumatic stress disorder (PTSD). *Id.* Dr. Koenig gave plaintiff the same diagnosis of major depressive disorder, recurrent, currently severe with psychotic symptoms. Tr. 320. She also diagnosed cognitive and anxiety disorders, and alcohol and opioid dependence disorders in remission. *Id.* Dr. Widlan listed diagnoses of schizoaffective disorder, PTSD, and cognitive disorder, and symptoms of depression, psychosis, and anxiety. Tr. 397. Dr. Widlan stated that he had previously diagnosed plaintiff with major depressive disorder, recurrent, severe with prominent psychotic features. Tr. 396.

Sound Mental Health provider Kelly Bliss, A.R.N.P., used a check-box form in several of plaintiff's appointments. Typically, the form reflected that plaintiff's mood was depressed, but his attitude was cooperative, his speech and psychomotor activity were normal, he showed good eye contact, his thought process was logical, his thought content was appropriate with no hallucinations, he had no suicidal ideation, and cognition was intact. Tr. 328-29, 333-34, 338-39, 352-53, 357-58, 362, 369-70, 385-86, 389-90, 393-94; *but see* Tr. 329 (suicidal ideation); 369, 378 (guarded attitude); 378 (abnormal speech, poor eye contact). Plaintiff's judgment and insight were sometimes impaired. Tr. 329, 358, 370, 390. His affect was often restricted. Tr. 333, 362, 378, 385, 389.

A.      **Medical Opinions**

When contradicted, an examining doctor's opinion may not be rejected without "specific and legitimate reasons" that are supported by substantial evidence in the record. *Lester v. Chater*, 81 F.3d 821, 830, 831 (9th Cir. 1996). "Generally, the opinion of a treating physician must be given more weight than the opinion of an examining physician, and the opinion of an examining physician must be afforded more weight than the opinion of a reviewing physician." *Ghanim v. Colvin*, 763 F.3d 1154, 1160 (9th Cir. 2014). In this case, there are treatment records, but no opinions on plaintiff's functional capacity by treating doctors. The only opinions are from examining medical sources Dr. Koenig and Dr. Widlan, and reviewing (*i.e.*, nonexamining) state agency medical sources. Tr. 314-321, 396-406, 86-87, 98-99.

1.      **Elizabeth Koenig, M.D.**

Dr. Koenig observed psychomotor agitation and retardation, alternately, and a "distraught" and sometimes "intimidating" demeanor. Tr. 314, 318. Plaintiff's pace was slow and he had difficulty with several concentration tasks. Tr. 318. Speech was abnormal. *Id*. He was not fully oriented and showed deficits in memory, cognition, abstract thinking, and judgment/insight. Tr. 318-20. Dr. Koenig opined that plaintiff "would likely have difficulty interacting effectively with coworkers, the public, and supervisors" and "would likely have difficulty maintaining regular attendance in a work setting, as well." Tr. 321. Dr. Koenig questioned the sincerity of some of plaintiff's efforts, stating he could be "exaggerating some of his difficulties" to obtain disability benefits. Tr. 318, 321. But Dr. Koenig also observed that "at times, he appears quite genuinely to be trying (such as with serial 7s)" and noted that "[h]is complaints are consistent with treatment records." Tr. 318, 321. Ultimately, Dr. Koenig concluded plaintiff was "not gravely disabled." Tr. 321.

The ALJ gave Dr. Koenig's "equivocal" opinions "minimal weight" because they were based on plaintiff's unreliable self-reports and were "inconsistent" with treatment providers' records. Tr. 20.

Reliance on plaintiff's self-reports was an erroneous reason to discount Dr. Koenig's opinions. As the Ninth Circuit recently explained, "a clinical interview and a mental status evaluation … are objective measures and cannot be discounted as a 'self-report.' … Psychiatric [d]iagnoses will always depend in part on the patient's self-report, as well as on the clinician's observations of the patient. … Thus, the rule allowing an ALJ to reject opinions based on self-reports does not apply in the same manner to opinions regarding mental illness." *Buck v. Berryhill*, 869 F.3d 1040, 1049 (9th Cir. 2017). While Dr. Koenig of course reported what plaintiff told her, she also conducted a professional clinical interview and mental status examination, making extensive personal observations of plaintiff. Tr. 314, 318-21. As in *Buck*, Dr. Koenig's "partial reliance on [plaintiff's] self-reported symptoms is thus not a reason to reject [her] opinion." *Id.*

However, contradiction with treatment records was a specific and legitimate reason, supported by substantial evidence, to discount Dr. Koenig's opinions. *See Valentine v. Comm'r Soc. Sec. Admin.*, 574 F.3d 685, 692 (9th Cir. 2009) (contradictions with evidence in the record provided specific and legitimate reason to reject treating doctor's opinions); *Orn v. Astrue*, 495 F.3d 625, 631 (9th Cir. 2007) ("consistency of the medical opinion with the record as a whole" is a relevant factor in evaluating the opinion). Treating records consistently show normal attitude, speech, psychomotor activity, and cognition, in contrast to Dr. Koenig's observations. Tr. 328-29, 333-34, 338-39, 352-53, 357-58, 362, 369-70, 385-86, 389-90, 393-94.

Plaintiff argues that the differences between Dr. Koenig's observations and his treating

provider's observations are explained by his wariness about being around unfamiliar people. Dkt. 9 at 5-6. While that is a reasonable interpretation of the record, the ALJ's interpretation that plaintiff exaggerated his behavior during the examination is also reasonable. The Court is required to examine the record as a whole, but may neither reweigh the evidence nor substitute its judgment for that of the Commissioner. *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002). When the evidence is susceptible to more than one rational interpretation, it is the Commissioner's conclusion that must be upheld. *Id.* The Court concludes the ALJ did not err by discounting Dr. Koenig's opinions.

### 2. David Widlan, Ph.D.

Dr. Widlan observed psychomotor retardation, abnormalities in speech and attitude, depressed mood and blunted affect. Tr. 399. Dr. Widlan's clinical interview and mental status examination revealed impaired thought processes, orientation, perception, memory, fund of knowledge, concentration, abstract thought, insight and judgment. Tr. 400. Dr. Widlan opined that plaintiff would have "severe" limitations in several basic work activities, including completing a workday and workweek, maintaining appropriate behavior, and maintaining punctual attendance. Tr. 398. He opined that plaintiff would have "moderate" limitations in work activities such as completing tasks by following very short and simple instructions. *Id.*

The ALJ gave "minimal weight" to Dr. Widlan's assessment because it was based on plaintiff's unreliable self-reports and presentation, and was inconsistent with treatment providers' findings and records. Tr. 20-21. As with Dr. Koenig, reliance on plaintiff's self-reports was an erroneous reason to discount Dr. Widlan's opinion. *See Buck*, 869 F.3d at 1049.

And as with Dr. Koenig, contradiction with treatment records was a specific and legitimate reason, supported by substantial evidence, to discount Dr. Widlan's opinions.

ORDER AFFIRMING THE
COMMISSIONER'S FINAL DECISION AND
DISMISSING THE CASE WITH PREJUDICE
- 6

Treatment records consistently showed normal attitude, speech, psychomotor activity, thought process and content, and cognition. Tr. 328-29, 333-34, 338-39, 352-53, 357-58, 362, 369-70, 385-86, 389-90, 393-94.[4]  The Court concludes the ALJ did not err by discounting Dr. Widlan's opinions.

### 3. Nonexamining Medical Sources

Plaintiff argues the ALJ erred by relying on the opinions of nonexamining state agency psychologists Jan L. Lewis, Ph.D., and Renee Eisenhauer, Ph.D.  The ALJ gave these opinions "significant weight" because they were "consistent with the claimant's treatment records, examination findings, and reported activities." Tr. 21.  As discussed above, plaintiff's treatment records and examination findings consistently showed largely normal mental health findings other than depressed mood and sometimes abnormal affect, judgment and insight.  Substantial evidence thus supports the ALJ's finding that the state psychologists' opinions are consistent with the medical record.  Plaintiff argues the ALJ erred because the reviewing doctors offered only "generic" reasons to support their findings.  Dkt. 9 at 8; *see* 20 C.F.R. § 416.927(c)(3) (An ALJ weights nonexamining medical source opinions according to "the degree to which they provide supporting explanations for their medical opinions.").  The reviewing doctors listed the records they reviewed, their reasons for discounting other medical opinions and plaintiff's allegations, and their analysis of each element of a disability claim. Tr. 80-87, 91-99. Although the reasons given are obviously written in standardized language, they are substantive.

---

[4] One specific example the ALJ gave, that plaintiff reported marked limitations in concentration and memory to Dr. Widlan while denying such limitations to his treatment provider, was erroneous. Tr. 20-21.  Plaintiff did not report these deficits to Dr. Widlan; rather, Dr. Widlan observed concentration and memory deficits through testing. Tr. 397, 400.  Regardless of this error, the remaining records support the ALJ's finding.

ORDER AFFIRMING THE
COMMISSIONER'S FINAL DECISION AND
DISMISSING THE CASE WITH PREJUDICE
- 7

Consistency with plaintiff's "reported activities" was an erroneous reason to give weight to the nonexamining doctors' opinions, however. The only activities the ALJ refers to are "household chores" and socializing. Tr. 17, 18. In the only citation regarding housework, plaintiff was asked about exercise and reported "minimal to no activity other than house work/chores." Tr. 424. This provides no information as to what chores he did or how often, or how the chores show plaintiff's functionality was consistent with the nonexamining doctors' opinions. The investigation that found plaintiff socialized more than he alleged was conducted before plaintiff's previous disability claim was resolved in 2012, and thus sheds little light on plaintiff's functional capacity for the 2014 claim at issue here. *See* Tr. 18; Tr. 14 (plaintiff rebutted the presumption of continuing nondisability). However, although plaintiff's reported activities were not a reason to give weight to the nonexamining doctors' opinions, consistency with the overall medical record remains a valid reason. The Court concludes the ALJ did not err in accepting Dr. Lewis' and Dr. Eisenhauer's opinions.

**B.     Plaintiff's Testimony**

Plaintiff testified at the August 2016 hearing that he does not go out anywhere except to his mental health or other doctor's appointments. Tr. 38. He could not be around coworkers because he would think they would "try to hurt" him or make him angry. Tr. 40.

Where, as here, an ALJ finds that a claimant has established underlying impairments that may reasonably be expected to cause the alleged symptoms and there is no affirmative evidence of malingering, the ALJ may reject plaintiff's testimony about the severity of his symptoms only "by offering specific, clear and convincing reasons" supported by substantial evidence. *Trevizo v. Berryhill*, 871 F.3d 664, 678 (9th Cir. 2017). The ALJ discounted plaintiff's testimony because inconsistencies indicate "exaggeration of his psychological symptoms and impairments"

and examination findings showed only "a minimal degree of psychological impairment." Tr. 19. As discussed above, the ALJ's finding of minimal psychological impairment is supported by treatment records. Also as discussed above, plaintiff's statements and presentation to Dr. Koenig and Dr. Widlan were inconsistent with plaintiff's statements and presentation as reported in treatment records. Plaintiff argues that the inconsistency can be explained by his discomfort with new people and points to the Commissioner's guidance to ALJs considering solely nonexertional limitations that "[i]ndividuals with mental disorders often adopt a highly restricted and/or inflexible lifestyle within which they appear to function well." SSR 85-15, 1985 WL 56857 at *6 (1985). However, the Commissioner's guidance also notes that it "is not intended to set out any presumptive limitations for disorders, but to emphasize the importance of thoroughness in evaluation on an individualized basis." *Id.* While plaintiff's interpretation of his inconsistent behavior is reasonable, the ALJ's interpretation that the inconsistency reflects exaggeration by plaintiff is also a reasonable interpretation of the record. The Court concludes that the ALJ did not err by discounting plaintiff's testimony.

## CONCLUSION

For the foregoing reasons, the Commissioner's final decision is **AFFIRMED** and this case is **DISMISSED** with prejudice.

DATED this 23rd day of July, 2018.

The Honorable Richard A. Jones
United States District Judge

ORDER AFFIRMING THE
COMMISSIONER'S FINAL DECISION AND
DISMISSING THE CASE WITH PREJUDICE
- 9